446

STONE & WEBSTER ENG. CO. et al.
v. YOUNG et al.

No. 32640. April 23, 1947.

*179 P. 2d 911.*

A. M. Covington, of Tulsa, for petitioners.

C. W. Clift, of Oklahoma City, Logan Stephenson and F. C. Swindell, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Stone & Webster Engineering Company and Employers Liability Assurance Corporation, who will hereinafter be referred to as petitioners, to review an award of the State Industrial Commission awarding compensation to respondent, Leslie Guy Young.

The trial was assigned to a trial commissioner for hearing who, at the close of the hearing, found that on August 11, 1945, respondent, while in the employ of petitioner Stone & Webster Engineering Company, sustained an injury to his left eye; that his wages at the time of the injury were sufficient to fix his compensation at the rate of $21 per week; that as a result of the injury he sustained temporary total disability of 22 weeks and 4 days, for which he was entitled to compensation in the sum of $476; that as a result of the injury he sustained a 10 per cent permanent loss of vision to his left eye, for which he was entitled to compensation for 10 weeks at $21 per week, or the total sum of $210. An order was entered awarding respondent compensation in accordance with the above findings.

It is the contention of petitioner that there is a total lack of evidence to sustain the award. It is asserted that there is no competent evidence tending to show that respondent had sustained a 10 per cent permanent partial loss of vision to his left eye.

Respondent testified, in substance, that on the 11th day of August, 1945, while in the employ of Stone & Webster Engineering Company and while engaged in the installing of a pipe on a pump which pipe had a hot weld, he dropped the pipe on the pavement and scales flew off the pipe and hit him in the left eye; that he notified petitioners as to his injury, who directed that he call on Dr. Lee for treatment; that Dr. Lee placed some ointment in his eye but told him that there was nothing in the eye and that he could go back to work; that he, however, suffered great pain in the eye and went to Dr. McMurray for treatment; that Dr. McMurray found and removed a piece of metal from his eye and treated the eye several days. He was informed by Dr. McMurray that he was not a specialist and advised him to see some specialist; that thereafter he called upon Dr. Cook for treatment. Dr. Cook treated him until the 14th day of March, 1946; that he kept working from the date of the injury until the 22nd day of September, 1945; that he, however, suffered continuous pain in his eye while working and by reason thereof he was incapacitated from doing ordinary manual labor and he discontinued work until the 14th day of March, 1946, when he was advised by Dr. Cook that he might do such work as would not require any great strain upon his eye.

It is not disputed that respondent while engaged in installing the pump as testified to by him received some substance in his left eye. The only dispute arises as to the extent of disability

he thereby sustained. The medical testimony on this question is in conflict. Several physicians testified that they examined respondent's eye shortly after the alleged accident and they found no disability or loss of sight whatever to the eye. Dr. Cook, however, testified that he first saw and examined respondent on the 3rd day of October, 1945; that he obtained a history of the case from respondent; that he discovered a scar on his left eye and that he found a disability to the eye of 20-40 which amounted to approximately 20 per cent loss of sight to the eye, and also testified that the respondent's injury was the result of the location of a foreign body in the eye.

It is shown by substantial evidence that by reason of the accident of the 11th day of August, 1945, some foreign substance had lodged in respondent's left eye; that he at no time received any other injury thereto and that prior to that time the eye was normal and had been in no manner affected.

While there is substantial medical testimony tending to support the contention of petitioners, we think the evidence of Dr. Cook, when considered in connection with the evidence of respondent, sufficient to sustain the award.

The award is also challenged insofar as compensation is awarded respondent for 22 weeks' temporary total disability. The evidence heretofore referred to is sufficient to sustain the award in this respect. We have repeatedly held where there is any competent evidence to sustain the award of the State Industrial Commission, it will not be set aside by this court on review.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.